UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | * | **CRIMINAL NO.  04-30038** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **JAMES D. STEPHENS, JR.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On June 16, 2016, petitioner, James D. Stephens, Jr., filed a Petition Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc #32].  On July 7, 2017, the court entered an Order granting the motion to withdraw as counsel of record for Defendant filed by Rebecca L. Hudsmith, Federal Public Defender [doc #37].  On July 24, 2017, the United States Postal Service returned to the Clerk the order, with a notation on the envelope stating "Return to Sender, Attempted - Not Known, Unable to Forward."  [doc. # 39].  For reasons assigned below, it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** *sua sponte* for failure to prosecute pursuant to Local Rule 41.3.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without motion by the defendant.  *Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Local Rule 41.3 provides that,

> [t]he failure of an attorney or a pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Here, more than 30 days have elapsed since a correspondence to petitioner was returned as undeliverable, without any notification by Petitioner as to his current whereabouts.

To the extent that the applicable statute of limitations may bar petitioner from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, petitioner has ignored a rule of this court by failing to update his current address. As petitioner is proceeding *pro se*, petitioner, not his attorney, is responsible for this delay. Moreover, dismissal with prejudice may be the least sanction where, as here, there is

every indication that petitioner no longer wishes to pursue his cause of action.[1]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE, for failure to prosecute in accordance with Local Rule 41.3.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 1st day of September 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[1] Certainly, if petitioner disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.